UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:16-CV-00249-TBR-LLK

LYNN SNIPES,
RONALD SNIPES,                                                              PLAINTIFFS

v.

GREAT LAKES REINSURANCE (UK) SE,                              INTERVENOR PLAINTIFF

v.

TROPICAL EXPRESS, LLC, *et al.*                                        DEFENDANTS

v.

ALAMO EXPRESS, LLC, *et al.*                                    THIRD PARTY DEFENDANTS

**OPINION AND ORDER**

Senior Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for ruling on all discovery motions. (Docket # 33). This case was consolidated with *Merriweather v. United Parcel Service, Inc.*, 3:17-CV-00349-CRS-LLK, for discovery purposes. (Docket # 75). Defendant UPS ("Defendant UPS") tendered correspondence to co-Defendant Anthony Lee ("Defendant Lee") advising that Defendant UPS intended to issue subpoenas for Defendant Lee's medical records and Defendant Lee objected. On April 30, 2018, at the request of Defendant UPS, the Court conducted a telephonic status conference to discuss the issuance of subpoenas to Defendant Lee's medical providers. (Order, Docket # 120). The Court then granted Defendant Lee leave to file a motion for protective order. (Order, Docket # 120).

Defendant Lee filed a Motion for Protective Order (Docket # 121) with regard to the notice of intent that Defendant UPS sent to Defendant Lee to subpoena the following medical providers: Flaget Memorial Hospital, Hardin County EMS, Hardin Memorial Hospital, and

1

University of Louisville Hospital. Defendant UPS filed a Response and Defendant Lee filed his Reply. (Docket # 122, 123). This matter is now ripe for determination. Neither party provided the Court with the actual notice of intent to subpoena that UPS sent to Lee. Nevertheless, Defendant UPS asserts that the subpoenas are intended to obtain only Defendant Lee's treatment records immediately following the accident on May 27, 2015. For the reasons explained below, Defendant Lee's Motion for Protective Order is granted.

This case arises out of a multi-vehicle accident that occurred on or about May 27, 2015, on I-65. The Plaintiffs filed suit against multiple parties, including co-defendants Anthony Lee and UPS. The Complaint alleges that on or about May 27, 2015, the Plaintiff was operating her vehicle in the southbound lane of I-65 in Lebanon Junction, Bullitt County, Kentucky when Defendant Lee, operated a tractor trailer on behalf of Defendant Tropical Express, LLC, and Defendant, Jeremy J. Semmler ("Defendant Semmler"), operated a tractor trailer on behalf of Defendant UPS, causing both tractor trailers to collide with one another and ultimately causing one or both tractor trailers to collide with Plaintiff's vehicle. (Docket # 1, 19, 77, 110).

Defendant UPS filed crossclaims against Defendants Lee and Tropical Express, LLC, for negligence and indemnification. (Docket # 49). Defendant UPS argues that Defendant Lee was following behind Defendant Semmler and that Defendant Lee failed to stop behind Defendant Semmler and rear-ended the UPS trailer. (Docket # 49).

Defendant Lee has not filed any crossclaims or counterclaims.

**Standard of Review**

Because Defendant Lee's medical records are not privileged, they are discoverable if they are "relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The Court has wide discretion when dealing with discovery matters, such as deciding if information might be

relevant. *Bay Area Healthcare Advisors, LLC v. PremierTox 2.0, Inc.,* No. 1:16-CV-00020-HBB, 2016 WL 4203594, at *3 (citing *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008)). Relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Id.* (citation omitted); *see also Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). However, "while the relevancy standard may be a liberal one, it is not a license to go fishing with the hope that something might be discovered." *Lillard v. Univ. of Louisville*, No. 3:11-CV-554-DJH, 2015 WL 3480571, at *2 (W.D. Ky. June 2, 2015) (citing *Southard v. State Farm Fire and Cas. Co.*, 2012 WL 2191651, at *2 (S.D. Ga. June 14, 2012) ("But the relevancy standard for discovery is not the same as for at-trial evidence. For discovery it is more liberal, though not a fishing license.")).

Under Rule 26(c) of the Federal Rules of Civil Procedure, a party may move for a protective order to prohibit certain discovery. *Queen v. City of Bowling Green*, 1:16CV-00131-JHM, 2017 WL 4355689, at *5 (W.D. Ky. Sept. 29, 2017); *see also Westport Ins. Corp. v. Wilkes & McHugh, P.A*, 264 F.R.D. 368, 370 (W.D. Tenn. 2009). The Court may, for good cause shown, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including the following: (1) forbidding the disclosure or discovery, (2) specifying terms, including time and place, for the disclosure or discovery, (3) prescribing a discovery method other than the one selected by the party seeking the discovery, (4) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters, (4) designate the persons who may be present while the discovery is conducted. FED. R. CIV. P. 26(c)(1); *see also Westport Ins. Corp.*, 264 F.R.D. at 370. This "good cause" standard requires the party seeking the protective order to demonstrate a "sound basis or legitimate need" to limit discovery of the subject information. *Bay Area Healthcare Advisors, LLC*, 2016 WL 4203594, at

*2 (citations omitted). However, good cause is not established by merely showing that discovery might involve inconvenience or expense. *Id*. Finally, the grant or denial of a protective order is within the sound discretion of the Court's power to manage the case. *Id*.

Since Defendant UPS is seeking this discovery, it has the burden of demonstrating that Defendant Lee's medical records are relevant to the claims or defenses in this action. *Queen v. City of Bowling Green*, 2017 WL 4355689, at *5. If Defendant UPS satisfies this burden, then the burden shifts to Defendant Lee to demonstrate that "good cause" exists to issue a protective order, under Rule 26(c), as to his medical records. *Id*. In this case, Defendant UPS has not satisfied its burden in showing that Defendant Lee's medical records are relevant. Therefore, the Court does not analyze whether Defendant Lee has demonstrated "good cause" to issue a protective order.

**Analysis**

In this case, Defendant UPS has not met its burden in demonstrating that Lee's medical records are relevant to their claims or defenses in this action. As Defendant Lee emphasizes in his Motion for Protective Order, Defendant Lee has not filed suit against anyone in this case and his medical condition is not at issue. (Docket # 121, p. 1). Defendant UPS fails to cite any case law that allows a party to subpoena a co-defendant's medical records where the co-defendant's medical condition is not at issue. Moreover, other than providing a blanket assertion that Defendant Lee's medical records *may* contain records of his contemporaneous statements concerning the accident, Defendant UPS has not provided any specific reason why Defendant Lee's medical records are relevant and discoverable.

To the extent that Defendant UPS is looking for liability statements, Defendant UPS has not indicated that the medical records would contain them. Defendant UPS primarily relies on

Defendant Lee's testimony that he did not talk to police officers at the scene and instead talked to the EMTs in the ambulance where he was taken immediately after being removed from his tractor. However, it is not immediately apparent from Defendant Lee's testimony that his medical records contain a liability statement. Defendant Lee testified as follows:

> Q: Did you do anything or speak to anyone from the time you were cut out of your cab to the time you were taken to the hospital?
> A: I only spoke to the personnel inside the ambulance.
> Q: You talked to an ambulance driver?
> A: Yes.
> Q: So is it fair to say then that you would have never spoke with a police officer at the scene of the accident?
> A: No police officer.

(Docket # 122-1, Lee Dep. 117:18–118:3, Jan. 19, 2018). This testimony merely shows that Defendant Lee did not speak with a police officer at the scene, not that he discussed how the accident happened.

Defendant UPS contends that the only immediate contemporaneous statements Defendant Lee gave to first responders would be contained in his EMS records and the emergency records. Furthermore, Defendant UPS argues that it has no other access to these records. However, Defendant UPS had the opportunity to question and did question Defendant Lee about the events that occurred on or about May 27, 2015, on I-65. Despite this, Defendant UPS has not pointed to any affirmative statement made by Defendant Lee that would suggest that he discussed liability with his medical providers. Accordingly, Defendant UPS has not shown that Defendant Lee's medical records are relevant and discoverable.

IT IS HEREBY ORDERED that Defendant Lee's Motion for Protective Order is GRANTED. (Docket # 121).

c: Counsel